Neel, J.
Plaintiff parents assert several claims against defendant, including a wrongful death claim on behalf of Baby Boy Tanda. Defendant moves for partial summary judgment with regard to the latter claim. The matter was heard on September 30, 1993. For the reasons set forth below, the motion is allowed.
BACKGROUND
The relevant facts, construed in plaintiffs’ favor, are as follows. On February 4, 1989, plaintiff Ingrid Tanda, approximately twelve weeks pregnant, was treated by defendant for bleeding and cramps. Defendant incorrectly diagnosed an incomplete spontaneous abortion, and performed a dilation and evacuation procedure. The next day, at home, plaintiff presented with an intact 6"-7" fetus; she was taken to the hospital, where the fetus was removed. It is undisputed that the fetus was not viable.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
The single, and dispositive, question presented by defendant’s motion is whether a nonviable fetus is a “person” forwhom the wrongful death statute, G.L.c. 229 Sec. 2, provides a cause of action. The Supreme Judicial Court has answered in the negative. In Mone v. Greyhound Lines Inc., 368 Mass. 354, 355 (1975), the Court held that a fetus “is a person for purposes of our wrongful death statute where... the parties agree that it is viable, or in the absence of such an agreement, the fact-finding tribunal finds that it is viable.”
In so ruling, the Court revised the standard of Leccese v. McDonough, 361 Mass. 64 (1972), in which the Court had sustained demurrers to a wrongful death claim on behalf of a fetus which was delivered stillborn. Until Mone, the Leccese “live birth” rule prevented wrongful death claims on behalf of any fetus not bom alive.
One reason that Leccese had rejected the viability rule was the lack of a “sound body of precedent” to support such a rule. Mone, supra at 356. After revisiting the history of such claims, the Court in Mone concluded that “(i]t can no longer be said with any degree of accuracy that the majority view allows a right of action only where injury is followed by live birth.” Id. at 357 (emphasis added). Rather, the Court found that the law of other jurisdictions supports the viability rule, id. at 358, and adopted that rule as an additional basis for a wrongful death suit on behalf of a fetus.
Plaintiffs argue that the reasoning of Mone should lead this Court to allow a claim on behalf of a nonviable fetus as well. However, Mone started from a rule that allows a right of action only where injury is followed by live birth, and expanded that right only to the point of viability. A nonviable fetus remains excluded from coverage of the wrongful death statute, as it was before Mone.
ORDER
For the reasons stated above, defendant’s motion for partial summary judgment is ALLOWED.