Gershengorn, J.
This action arises out of injuries incurred by plaintiff Ruben Hernandez while operating a hydraulic press machine in the course of his employment with the L.E. Mason Company (L.E. Mason).[3] Defendant Magnesium Castings Company[4] (Magnesium) was Mr. Hernandez’s employer and the owner of the hydraulic press machine prior to Magnesium’s merger into L.E. Mason, at which time L.E. Mason became Mr. Hernandez’s employer and the possessor of the hydraulic press machine. Mr. and Mrs. Hernandez allege that Magnesium negligently designed, manufactured, produced, constructed, prepared, assembled, installed, tested, labelled, and/or marketed parts of the hydraulic press machine.[5] Magnesium now moves for summary judgment on Counts XVII, XVIII, and XIX of plaintiffs’ complaint, arguing that the plaintiffs cannot maintain suit against it because Magnesium ceased to exist upon its merger with L.E. Mason.[6] For the reasons discussed below, the defendant’s motion is GRANTED.
BACKGROUND
Based on the submitted affidavits and admissions made for the purposes of this motion, the court treats the following facts as true for this summary judgment motion only.
On September 8, 1981, Magnesium hired Mr. Hernandez. Prior to December 31, 1989, Magnesium possessed a certain hydraulic press machine. On December 31, 1989, Magnesium merged into L.E. Mason pursuant to G.L.c. 156. Upon this merger, L.E. Mason became the employer of Mr. Hernandez and the possessor pf the aforementioned hydraulic press machine. On February 20, 1990, Mr. Hernandez was injured while operating the hydraulic press machine. Mr. Hernandez received workers’ compensation benefits from L.E. Mason in connection with this injury.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Magnesium argues that the plaintiffs cannot maintain suit against it because Magnesium ceased to exist when it merged with L.E. Mason. In opposition to this argument, the plaintiffs rely on a section of the business corporations statute which extends the existence of a terminated corporation for certain purposes. “Every corporation whose corporate existence for other purposes is terminated (1) by dissolution ... (2) by the expiration of the period for its duration limited by its articles of organization, or (3) in any other manner, shall nevertheless be continued as a body corporate for three years after the time when its existence is terminated, for the purpose of prosecuting and defending suits by or against it. . .” G.L.c. 156B, §102. Although the language of this section might appear to apply to a corporation whose existence terminates upon its merger into another corporation, a federal court in the District of Massachusetts has found otherwise. Ming-Shui Hung, et al. v. G.K. Hall & Co., G.K. Hall Corp., 1986 WL 15471 (D.Mass. 1986) (attached).
In Ming-Shui Hung, the court reasoned that the purpose of Section 102 is to provide a remedy to creditors in the situation where a corporation goes completely out of existence. The court found that because the successor corporation in a merger assumes the liabilities of the merging corporations, the merging corporations’ creditors have an available remedy against the survivor at state law. Holding that this available remedy and the forum provided creditors by G.L.c. 156B, §79(b) are evidence that Section 102 is inapplicable to mergers, the court dismissed actions against the merged corporations on the grounds that those corporations no longer existed.[7] Ming-ShuiHung is dispositive of the matter before me. Because Magnesium ceased to exist upon its merger with L.E. Mason and the plaintiffs filed this lawsuit after the date of that merger, the plaintiffs’ action against Magnesium cannot be maintained.
ORDER
For the reasons stated herein, it is hereby ORDERED that the defendant Magnesium Castings Company’s motion for summary judgment on Counts XVII, XVIII, and XIX of the plaintiffs’ complaint is GRANTED.

 L.E. Mason is not a party to this suit.

 The parties variously refer to the defendant as the Magnesium Casting Company and the Magnesium Castings Company. I have adopted the spelling used in plaintiffs’ complaint.

 The plaintiffs’ complaint also contains claims based on breach of warranty and loss of consortium and infliction of harm.

 Magnesium also argues a number of other grounds for its motion which I need not, and do not, reach.

 The court’s holding also rested on other grounds.