Hely, J.
The motion for summary judgment of the defendants other than Elmore is allowed for the reasons stated below.
The defendants other than Elmore are alleged to be the owners and persons in control of a shopping plaza at 55 Church Street, Lowell. The amended complaint alleges that Elmore beat the plaintiff with a pipe in this parking lot on March 22, 1988. Based on this attack, Elmore admitted to sufficient facts, was found guilty and received a suspended House of Correction sentence on charges of assault and battery by means of a dangerous weapon and assault.
The plaintiff was a trespasser in the plaza parking lot when Elmore attacked him with the pipe. There is no genuine issue of material fact on this point. The plaintiff drove his car into the parking lot solely to meet and talk with a friend, Pamela Tremblay. He met her there at about 10:00 p.m. He drove with her and another friend to the other side of the parking lot. *40 Sometime after 10:00 p.m., Elmore arrived, yelled at the plaintiff and then struck him with the pipe.
According to the plaintiffs deposition the Dunkin Donuts was open and the “Lowell Metco” was probably open. Kelakos’s deposition states that the Dunkin Donuts was the only business open, and that Zayre closed at 10:00 p.m. The plaintiff testified that he was not there for any purpose other than to meet with Pamela Tremblay. The plaintiff has presented no evidence that he or either of his two friends in his car entered or intended to enter the Dunkin Donuts or any business at the plaza that night.
The Amended Complaint (Counts II, V and VI) alleges that the defendants negligently failed to provide adequate security and take adequate precautions to protect the safety of persons lawfully on the premises including the plaintiff. The defendants’ only duty to the plaintiff as a trespasser was that they were required to “refrain from willful, wanton or reckless disregard for the trespasser’s safety.” Schofield v. Merrill, 386 Mass. 244, 245-46 (1982). The Amended Complaint has not alleged a violation of this duty; it alleges only negligence.
Even if a breach of the limited duty to a trespasser had been alleged, the defendants have demonstrated by appropriate summary judgment materials, unmet by countervailing materials, that the plaintiff “has no reasonable expectation of proving” willful, wanton or reckless conduct. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The defendants have shown through the summary judgment materials “that proof of that element at trial is unlikely to be forthcoming.” Id., 410 Mass. at 714. As a matter of law, the landowner’s duty to refrain from willful, wanton or reckless conduct does not include an affirmative duty to maintain such a security force or other measures after ten at night as would prevent a sudden, unprovoked, armed beating of one trespasser by another.
ORDER
Summary judgment will enter for the defendants other than Elmore.