McHugh, J.
Defendants’ Motions for Summary Judgment are ALLOWED. Judgment will enter dismissing the complaint.
1. No matter how one cuts it and regardless of how many forms of analysis one undertakes, the contents of the appraisal report lie at the heart of plaintiffs claim. Yes, the claim alleges deficiencies in the way the report was prepared and, yes, plaintiff alleges that the bank and broker acted negligently in teeth of deficiencies the report allegedly manifested on its face. But in the last analysis, the report’s content — its opinion as to value and its statement of the basis for that opinion — are the principal facts on which plaintiff bases his claim. That being the case, the plain language of G.L.c. 184, §17C, is a bar to the claim’s success.
2. Although the complaint alleges fraud, plaintiff simply has not carried his burden of demonstrating a genuine issue of material fact on the presence of fraudulent conduct. See generally Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
3. Although plaintiffs claims of negligence against the appraiser might well be viable absent c. 184, §17C, see, e.g., Restatement (Second) of Torts §522, plaintiffs claims of negligent lending against the bank and broker find no support in the Restatement or in persuasively decided cases. On the contrary, the general rule is that “a bank cannot be held liable to a borrower for the negligent underwriting of a loan.” Lacroix v. FDIC, 1993 WL 122340 at 2 (D.Mass. 1993) (Zobel, J.). If, in making this loan to plaintiff, the bank violated one or more of its internal guidelines, then the bank failed to observe a self-imposed guideline created for its own protection, not plaintiffs. To say that a bank, or any other organization, may be held liable when, in violation or waiver of a rule the organization has promulgated for its own protection, it delivers to its customer precisely what its customer has asked it to deliver would be to impose on the organization such conflicting interests that commerce of almost any stripe would become virtually impossible.