Hely, J.
Introduction
Plaintiff Sarah M. Yood and defendant Nicholas Dadasis were involved in an automobile accident on November 19, 1992. Yood’s claims against Dadasis’s insurer, Trust Insurance Company, allege unfair claim settlement practices in violation of G.L.c. 93A, §9 and c. 176D, §3(9)(f). Trust now moves for summary judgment on these statutoiy claims. For the following reasons, Trust’s motion is allowed.
The underlying facts of the case are largely undisputed. On November 19, 1992, plaintiff Yood and defendant Dadasis were involved in an automobile accident on Interstate 95 in Canton, Massachusetts. Yood alleges that Dadasis negligently struck her vehicle from behind at high speed causing her substantial and persistent injuries. Yood alleges that defendant Trust Insurance was unresponsive to numerous requests by Yood for settlement of her claims, thereby violating G.L.c. 93A and 176D. Trust argues that Yood failed to meet the statutory procedural requirement of filing a “demand letter” with the defendant before bringing suit, and therefore Yood’s statutoiy claim is barred as a matter of law.
In response to Trust’s motion, Yood argues first that she did in fact file two “demand letters” with Trust, dated April 11 and May 24, 1994, and that these letters were sufficient to meet the statutoiy requirements. Alternatively, Yood argues that her claim is really an “independent" 176D claim, not subject to the demand letter requirement.
The contents of the April 11 and May 24 letters are not in dispute. The court will apply the standards for deciding summary judgment motions stated in Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991).
1. The Sufficiency of the Purported Demand Letters
G.L.c. 93A, §9(3) states that “(a]t least thirty days prior to the filing of any [93A] action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injuiy suffered, shall be mailed or delivered to any prospective respondent.” This “written demand for relief,” also known as a demand letter, must meet three requirements, according to the case law: “(flirst, the demand letter must, with reasonable specificity, describe the defendant’s act relied on or complained of. . . (s)econd . . . [it] must with reasonable specificity describe the injuiy suffered . . . [t]hird . . . [it] must give some reasonable notice to the prospective defendant that demand is being made under c. 93A . . .’’ Michael C. Gilleran, The Law of Chapter 93A §7.6 (1989); Casano v. Gogos, 20 Mass.App.Ct. 348, 349-53 (1985).
These requirements were not met by Yood’s April 11 and May 24 letters. The requirements of a demand letter are designed to ensure that the letter contain information as to the unfair insurance practices alleged. Neither the April 11 nor the May 24 letter contained any such information. These letters referred to Trust’s potential liability for Yood’s accident injuries, rather than to liability and damages for unfair settlement practices. They contained statements of the accident facts, recitations of medical costs, and medical reports. They made no mention whatever of unfair *452 or deceptive insurance practices, and therefore, as a matter of law, cannot be treated as demand letters.
II. The “Independent” 176D Claim
Alternatively, Yood argues that since her claims against Trust arise under G.L.c. 176D, she is not required to file a demand letter for those claims at all.
Chapter 176D, §3(9)(f) defines as an “[u]nfair claim settlement practiced • • • [flailing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear ...” Chapter 176D is enforceable by the state insurance commissioner, §§6, 7. Chapter 176D does not by its terms create a private right of action.
G.L.c. 93A, §9(1) is the mechanism by which violations of 176D, §3(9) become enforceable by private action: “. . . any person whose rights are affected by another person violating the provisions of [G.L.c. 176D, §3(9)] may bring an action in the superior court. . .”
Yood contends that even though violations of c. 176, §3(9), are only enforceable through c. 93A, §9(1), the resulting private actions are not subject to the Chapter 93A demand letter requirement. No reported appellate decision has recognized the existence of an independent private cause of action under Chapter 176D. To the contrary, the cases implicitly assume that claims for violations of Chapter 176D simply are a subcategory of the Chapter 93A private cause of action and logically should be subject to the same procedural requirements. See, e.g., Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747, 754 (1993) (“[a] consumer asserting a claim under G.L.c. 93A, §9, may recover for violations of G.L.c. 176D, §3(9) . . .”). This understanding, along with the fact that private enforcement of Chapter 176D only exists through the mechanism of chapter 93A, leads this court to conclude that such a cause of action by a consumer must be preceded by a Chapter 93A demand letter. Since Yood never filed a sufficient demand letter, all her statutory claims against Trust are barred.
ORDER
Defendant Trust Insurance Company’s motion for summary judgment is allowed.