Merrigan, J.
This is an expedited appeal under Dist./Mun. Cts. R. A D. A, Rule 8A from the allowance by the trial court of the plaintiffs motion for summary judgment. The plaintiff S.RX. Credit Corporation, formerly known as The Allen Group Leasing Corp. (SPX), brought suit against James Kelleher, doing business as Young’s Garage (Kelleher), to collect the balance due under an equipment lease.
From the record, we discern the following facts. After The Alen Group Leasing Corp. (Alen) entered into a contract with Kelleher to lease to him sophisticated diagnostic automotive machinery for use in his auto repair business. Allen went out of business or otherwise conveyed its interest in the lease to some affiliate of SPX. Kelleher at that point had made one monthly payment to Alen. Thereafter, Kelleher made payments for approximately a year and a half to SPX. Eventually Kelleher stopped making payments because he claimed the equipment was not working, that it was not being serviced or maintained, nor was he being trained; all of which he claimed was required under the lease. The equipment was repossessed and SPX brought suit to collect what it claimed was due on the lease.
SPX filed a motion for summary judgment. The record before the trial judge consisted of, among other things, the complaint which recited that the lease was attached as an exhibit. Kelleher filed an answer and denied liability; he also filed a counterclaim. In his answer, Kelleher also stated that the complaint did not have a copy of the lease attached as recited. In his counterclaim, Kelleher asserted that the plaintiff was in breach of the lease and that he was entitled to damages. The lease is not included in the appendix and has not otherwise been made a part of the record before us.[3] As far as we can determine, the lease was not before the trial judge.
In a written opposition to the motion for summary judgment, Kelleher asserted that SPX, as a party to the lease as a successor in interest to Alen, was not providing the service, maintenance or training as required under the lease.
Even before we address Kelleher’s written opposition, without the lease terms before the trial judge, we cannot conceive of a route by which the trial judge could conclude that there were no material issues of fact. Kelleher’s written opposition makes it clear that there were indeed material factual issues before the court which would preclude the allowance of SPX’s motion for summary judgment. Considering the facts and allegations in the light most favorable to the nonmoving party, cf. Kourouvacilis v. General Motors, 410 Mass. 706 (1991), and in the *235 absence of the terms of the lease, we conclude that SPX did not demonstrate, as is its burden, “that [as] the moving party[,] [it was]... entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The judgment is reversed and the case is remanded to the trial court where it will stand for trial.

 Excerpts from the lease that are set forth in the appellee’s brief will not at this stage suffice.