Rutberg, J.
Anthony Menzone died on November 22, 1992 leaving three adult children: sons Robert [the defendant herein] and Joseph [the plaintiff herein] as well as a daughter Jeannette Laincz.[1] Within days of Anthony’s death, Robert read his late father’s will and learned that the will did not provide for his sister; however, Robert also learned that his late father had created several joint bank accounts naming his various children individually as cotenants. At a meeting held in November 1992 with his brother and sister, Robert proposed that the three siblings equally divide their father’s estate notwithstanding the will and the joint bank accounts. Joseph and Jeannette agreed with Robert to divide their father’s estate equally. At the time of this verbal agreement none of the children were aware of the full size of their father’s estate. Shortly thereafter, the three siblings actually divided the proceeds of several joint bank accounts; however, Robert refused to divide the balance of his father’s estate, and Joseph commenced this action claiming that Robert breached the agreement to divide the entire estate.
Joseph moved for partial summary judgment seeking an order that would divide the proceeds of his father’s joint bank accounts equally among his sister, his brother and himself. In support of his motion, Joseph directed the trial court’s attention to portions of Robert’s deposition that seem to indicate Robert’s acceptance of the verbal agreement to divide their father’s estate equally. Therefore, Joseph contended that the Court simply had to enforce the portion of the verbal agreement pertaining to the bank accounts through a summary judgment.
The trial court denied Joseph’s motion, and pursuant to Mass. R. Civ. R, Rule 56(c), the court entered summary judgment against the moving party sua sponte holding that as a matter of law there could not have been a meeting of the siblings’ minds. In so holding, the Court relied upon Robert’s assertions the siblings were not aware of the size and nature of their father’s estate when the agreement was made, and they were equally unaware of the necessity and cost of probate proceedings which were incident to the settling of the estate. The findings of the trial court *59 are essentially factual and it is not possible to make these findings as a matter of law on the record that was before the trial judge. Indeed in his opposition to Joseph’s motion, Robert notes:"... the terms of the agreement [to divide the bank accounts equally] are in dispute.’’ Robert’s opposition goes on to catalogue many of the same arguments made by the trial judge in his Memorandum. While a dispute in the existence or the terms of the agreement would be sufficient to defeat Joseph’s motion for summary judgment, the allegation of such a dispute does not allow the trial judge to conclude as a matter of law that there was never a meeting of the minds of the parties. In order to grant summary judgment to the non-moving party, the trial judge must apply the same standard used to decide the original motion: is there a genuine issue of material fact? Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991). As Robert admits in his deposition (1) that he suggested that the siblings equally divide all of the money in the various bank accounts and (2) that the three siblings transferred portions of those bank balances among themselves on the same day in order to effect an equal division of those accounts, there were sufficient issues of fact to prevent the entry of summary judgment for Robert. Id.
The trial judge also held that there was no consideration for the promise that Joseph sought to enforce. The record before the trial judge does not support this conclusion as a matter of law. Without unraveling the thorny issue as to whether the payment of one sum of dollars can be adequate consideration to enforce the promise to pay a larger sum to the promisee, there could have been additional consideration passing from Joseph and Jeannette to Robert to require a trial on this issue also. Peace in the family may well have been the consideration that led to Robert’s promise, and its adequacy is at least a factual issue requiring a trial to resolve. From Cain and Abel through King Lear until today, our history is replete with examples of pain and suffering caused through the real or perceived inequitable devolution of one generation’s assets to the next. The possible avoidance of such disputes is consideration requiring a trial.
Accordingly, we order that the summary judgment entered for the defendant be vacated, the denial of plaintiff’s motion for summary judgment be affirmed, and this matter be remanded to Worcester Central District Court for further proceedings consistent with this opinion.

 Jeannette Laincz assigned her claims to her brother Joseph, the plaintiff herein.