Nickerson, Gary A., J.
The plaintiff insurance companies, subrogees of Cape Crossroads Condominium Trust (“the Trust”) and of owners of units in the Cape Crossroads Condominium complex in Hyannis, brought this action seeking damages for a fire which they allege was caused by a malfunctioning electrical device. The defendants are the manufacturer of the device, Broan Nutone, Inc., and the real estate agency showing this property, Shoreland Real Estate, Inc. (“Shoreland”). Shoreland has moved for summary judgment. For the following reasons, Shoreland’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
Cape Crossroads Condominium complex, located in Hyannis, Massachusetts, was damaged by fire on November 26, 2001. The fire started in a vacant condo which was being shown to prospective purchasers. That condo was owned by the Gromek family, who are neither parties nor subrogors. The defendant Shore-land Real Estate, Inc. (“Shoreland”) had been hired by the Gromeks to act as the real estate brokerage. While one of its real estate agents was showing the condo to prospective purchasers, the agent and the two prospective purchasers smelled an unpleasant burning odor. They determined that it was coming from a heating light unit in a bathroom. The three agree that the group’s intent was to turn off the light but each of the three claims another turned the light off. None of the three reported the incident. In the middle of the night, a fire was discovered which spread to several units. The fire department determined that the blaze had most likely started at the heating light unit. The circuitry was too damaged to determine which wall switch had connected to the device.
By the terms of the Trust documents, the trustees of the Cape Crossroads Condominium Trust (“the *203 trustees”) were required to obtain insurance for the complex. The Trust’s bylaws allow the trustees to waive subrogation. The trustees obtained insurance from New London Insurance Company (“New London”), one of the plaintiffs in this case. The Trust’s policy with New London provides that the trustees have the power to waive subrogation if they do so in writing before the loss occurs.
The plaintiff insurance companies have sued in the place of the Trust and the owners of neighboring units. Their complaint includes a count of negligence against Shoreland. Shoreland has moved for summary judgment claiming 1) that the language in the Declaration of Trust waives subrogation against Shoreland and 2) that Shoreland owed no duty to the plaintiffs and therefore was not negligent as a matter of law.
DISCUSSION
I. Waiver of Subrogation in Declaration of Trust
The defendant first argues that it is entitled to summary judgment against New London because the language in the Declaration of Trust waived New London’s right to sue. Article V of the Declaration of Trust sets forth the bylaws for the condominium complex. Section 3 of these bylaws outlines the trustees’ duly to obtain insurance. Section 3(B) outlines subrogation of claims:
All policies of casualty or physical damage insurance shall insofar as practicable provide ... for waiver of subrogation as to any claims (except claims involving arson or fraud) against the Trust, the Trustees, the manager, agents, employees, the Unit Owners and their respective employees, agents and guests.
This bylaw clearly gives the trustees the power to waive an insurance company’s right to subrogation. Furthermore, the insurance contract between New London and the Trust allows that subrogation can be waived in writing prior to an accident. However, the bylaw itself is not such a writing. The bylaw does not affirmatively state that the claims are waived; it merely gives the trustees power to waive those claims and imposes a duty to waive those claims insofar as practicable. That bylaw does not satisfy the requirement of a written waiver under the New London policy. In order to constitute an effective waiver, the trustees would have had to then exercise that power which they were given under the bylaw. They have done no such thing. The power to waive claims alone cannot be interpreted as a waiver of claims.
II. Negligence of Shoreland Real Estate, Inc.
Shoreland also seeks summary judgment on the grounds that it was not negligent as a matter of law. A defendant is entitled to summary judgment when he can demonstrate that the party with the burden of proof “has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Negligence claims are not usually resolved at the summary judgment stage because they are considered dependant on factual analysis. Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983); Kelly v. Brigham & Women’s Hosp., 51 Mass.App.Ct. 297, 300 (2001). There are cases, however, which are clear cut enough to allow for summary judgment.
The existence of a duty is a matter of law for the court. Generally, a person does not have an affirmative duty to prevent harm to others which is caused by third parties. Here, the harm was caused by the appliance and not by Shoreland. The legal question is whether Shoreland had a duty to intervene to prevent this damage. A person has a duty to intervene to prevent criminal acts of a third party only when there is a special relationship between the person and the potential victim. Kavanagh v. Trustees of Boston University, 440 Mass. 195, 201 (2003). Similarly, there is usually no duty to prevent the negligent acts of a third party.
The Gromeks hired Shoreland to show their condo to potential buyers. Shoreland had a duty to use reasonable care in showing the condo. Shoreland had no duty towards the Gromeks to report a potentially hazardous condition on the property. Real estate agents have been held to have a duty to warn potential buyers of hazardous conditions so that they are not harmed while touring the property. Miller v. Fickett, 48 Mass.App.Ct. 654 (2000). No court has held that real estate agents have a duty to inform the owner about hazardous conditions on the property.
Even if Shoreland had a duty to inform the Gromeks about the condition on their property, Shoreland had no duty towards the neighboring condominium owners or the Trust, the plaintiffs’ subrogors in this action. “Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff.” Davis v. Westwood Group, 420 Mass. 739, 742 (1995). In considering new extensions of tort law, the court must “assess and determine, in considering the existence of a duty, contemporary attitudes and public policy.” Remy v. MacDonald, 440 Mass. 675, 682 (2004), quoting Cyran v. Ware, 413 Mass. 452, 460 (1992). This is not a case in which any contemporary attitude or public policy would justify finding a duty between real estate brokers and neighboring condominium owners where such a duty does not currently exist either in common law or statute.
Having determined that Shoreland had no duty to remedy or to report any problem with the property, the second question this Court must address is whether Shoreland’s agent assumed a duty by attempting to address the problem. A person who voluntarily undertakes a task for which he has no responsibility has a duty to perform that task with reasonable care. “If a person voluntarily assumes a duty or undertakes to render services to another that should have been seen as necessary for her protection, that person may be *204 liable for harm caused because of the negligent performance of his undertaking.” Davis, 420 Mass. at 746, quoting Thorson v. Mandell, 402 Mass. 744, 748 (1988). The Supreme Judicial Court has held, in the context of such voluntarily assumed duties, that “the mere fact that [a defendant] had voluntarily undertaken to render a service is not sufficient to impose a duty. It must also be shown that either (a) the failure to exercise due care increased the risk of harm, or (b) the harm is suffered because of the [plaintiffs] reliance on the undertaking.” Mullins v. Pine Hill Manor, 389 Mass. at 53-54. There could be no reliance in this case because the plaintiffs’ subrogors were unaware of the real estate agent’s attempt to turn off the appliance. Furthermore, the plaintiffs cannot show that the real estate agent’s action increased the risk of harm. Here, attempting to turn off the malfunctioning appliance did not increase the risk of harm if it was turned on before and turned on afterwards. The plaintiffs cannot provide evidence that Shoreland’s agent’s actions increased a risk of harm to them. Without such evidence, they would not be able to prove negligence under a theory of a voluntarily undertaken duty. Therefore, the plaintiffs cannot prove an essential element of their case and Shoreland is entitled to summary judgment. See Kourouvacilis at 716 (holding summary judgment appropriate when party cannot prove essential element of case).
ORDER
For the foregoing reasons, the Motion for Summary Judgment of defendant Shoreland Real Estate, Inc., is ALLOWED.