Connon, Richard F., J.

INTRODUCTION

The plaintiff, Joseph Rogala (“Rogala”), brought this action against the defendant, Farm Family Casualty Insurance Company (“Farm Insurance”), seeking to enforce his rights under two provisions of a commercial general liability insurance policy. The matter is before the court on Farm Insurance’s motion for summary judgment. For the following reasons, the motion is ALLOWED.

BACKGROUND

Rogala is the sole proprietor of a welding business that was hired by an electrical company to repair the boom on one of its trucks. On September 12, 2003, while Rogala was welding part of the boom, he permanently damaged the entire unit. After paying off the claim, the electrical company’s insurance provider filed an action against Rogala to recover the payments.
At the time of the incident, Rogala had a commercial general liability insurance policy issued by Farm Insurance. That policy entitles Rogala to payments that he “becomes legally obligated to pay as damages because of ’’property damages" to which the insurance applies."[1] The policy also affords Rogala the right to have Farm Insurance defend him “against any suit” seeking those damages ..."
Section I.2.j of the policy lists property damages that are excluded from coverage. Exclusion (4) of this provision disclaims coverage for property damage to “(p)ersonal property in the care, custody or control of [Rogala].” Exclusion (6) excludes property damage to “[t]hat particular part of any property that must be restored, repaired or replaced because [Rogala’s work] was incorrectly performed on it.”[2] After Farm Insurance refused to defend and indemnify Rogala, he filed this complaint seeking a declaratory judgment. Farm Insurance filed a counterclaim for declaratory relief denying that it owes the duty to defend and indemnify. After discovery concluded, Farm Insurance moved for summary judgment.

DISCUSSION

The court shall allow a motion for summary judgment where the record shows that no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Highlands Ins. Co. v. AeroVox, Inc., 424 Mass. 226, 232 (1997); Mass.R.Civ.P. 56(c) (2008). The moving party bears the burden of showing both the absence of a material fact and that it is entitled to a favorable ruling as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 711-12 (1991). The facts here are undisputed, thus rendering this action ripe for summaiyjudgment.
Farm Insurance is not obliged to defend and indemnify Rogala because the policy does not cover damages to the boom. Insurance policies generally require its issuer to defend actions against the policy holder. When, however, the “allegations in the complaint [against the policy holder] lie expressly outside the policy coverage .. .” the insurance provider is relieved from such duty. Timpson v. Transamerica Ins. Co., 41 Mass.App.Ct. 344, 350 (1996).
Here, Farm Insurance is relieved from the duty to defend and indemnify Rogala because the complaint against him alleges losses that are excluded from coverage. Exclusion (j)(6) explicitly and unambiguously excludes damages to the boom because that was the exact property Rogala was welding when damages occurred. See Jet Line Srvs., Inc. v. American Employers Ins. Co., 404 Mass. 706, 711-12 (1989) (interpreting similar exclusion language to exclude damages to entire petroleum tank when caused from insured’s work on bottom portion thereof). Furthermore, exclusion (j)(4) specifically excludes damages to the boom because they occurred when Rogala possessed and controlled the truck. As these exclusions present no ambiguity, the court will enforce them strictly, for, otherwise, this policy would convert into a performance bond. See Commerce Ins. Co. v. Betty Caplette Builders, Inc., 420 Mass. 87, 92-93 (1995) (advising insurer to obtain performance bond when insuring against defect to his own work). Therefore, Farm Insurance owes no duty to defend and indemnify Rogala *562 because the damages he caused lie outside the coverage.

ORDER

For the foregoing reasons, it is hereby ORDERED that Farm Family Casualty Insurance Company’s motion for summary judgment be ALLOWED.

Property damages include “[pjhysical injury to tangible property, including all resulting loss of use of that property.”

The policy defines Rogala’s work as “[w]ork or operations performed by [him] or on [his] behalf.”