NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1088

MARK BISTANY

vs.

THE MASSACHUSETTS GENERAL HOSPITAL & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Mark Bistany, appeals from summary judgment entered against him on his claim for medical malpractice resulting from a misdiagnosis. Concluding that summary judgment was granted precipitously, we reverse.

This case has been plagued by procedural irregularity. Even though the pro se plaintiff filed a timely offer of proof, the defendants moved to require the defendant to post a bond without convening a medical malpractice tribunal on the ground that the offer of proof was inadequate. Usurping the tribunal's role to determine the adequacy of the offer of proof,[2] a Superior

_____

[1] Tracey G. Simon.

[2] Rule 73(1)(a) of the Rules of the Superior Court (2018) (Superior Court Rules) requires only an offer of proof, not an offer of proof that will ultimately satisfy the tribunal. The statutory scheme provides that "said tribunal shall determine if the evidence presented if properly substantiated is sufficient

Court judge ordered that the plaintiff post a bond despite the absence of a tribunal ruling.[3]

Around the same time, prior to the close of discovery, the defendants moved for a protective order to preclude any discovery "until the Plaintiff produces an expert report on the issues of standard of care and causation."  A Superior Court judge allowed the motion "for all of the good and sufficient reasons [in the motion]."

Despite having obtained a suspension of discovery "until the Plaintiff produces an expert report," the defendants took the position that discovery was closed and moved for summary judgment.[4]  The defendants presented no evidence that they were not negligent or that the plaintiff could not prove that they

---

to raise a legitimate question of liability appropriate for judicial inquiry."  G. L. c. 231, § 60B, first par.  It does not assign that task to a Superior Court judge acting alone.

[3] Aggravating the problem, the defendants requested, and the judge ordered, a bond at twice the statutory amount.  See G. L. c. 231, § 60B, sixth par.  One month later, the judge reduced the bond to the statutory amount.  The plaintiff posted this amount.  He expressed an ability and willingness to post the original amount as well.  The propriety of the bond order, accordingly, is not before us, but this order is emblematic of the procedural irregularity in this case.  Whether the plaintiff is entitled to the return of the bond upon motion has not been briefed and is not before us.

[4] On appeal, the defendants admit that they "did not seek a halt [to] discovery indefinitely."  They now assert that, "[i]f Bistany had submitted an expert report sufficient to support his claims, the Defendant/ Appellees would proceed with discovery."  In the Superior Court, however, they asserted that discovery closed on March 26, 2021, the day after the Superior Court sent notice that discovery would be suspended.

were negligent. Rather, they relied on the fact that the plaintiff had not yet produced an expert report. The pro se plaintiff immediately complained that the motion was "premature."

A second Superior Court judge, reasonably enough, cut through this morass and informed the plaintiff that "[h]e must present an expert in the relevant area of medical specialty who will give an opinion supporting his contention, and further stating that what this doctor did, or failed to do, fell below the accepted standard of medical practice of the average qualified doctor in the defendant's area of specialty in 2015." The judge then "afford[ed] the Plaintiff this one last opportunity to retain an expert, obtain an opinion, and provide it to the Defendants." She ordered the plaintiff to "provide the expert's opinion to the Defendants by **February 1, 2022**."

The plaintiff fully complied with these instructions. On January 22, 2022, the plaintiff provided the defendants with a letter by Dr. Khalid Azar expressing his expertise in gastroenterology in 2015 and describing several ways in which, in his opinion, the care provided by the defendants was substandard.[5]

---

[5] The defendants acknowledged that they received the letter on January 25, 2022.

3

The casual reader might expect that, at this point, discovery would have resumed, the defendants would have explored the adequacy of Dr. Azar's opinion, and a new summary judgment motion would eventually have been filed. Instead, at the defendants' urging, the second judge moved the proverbial goalposts and disregarded the expert report on the grounds that it was "not in the form of sworn testimony or Affidavit" and "is not properly before the Court pursuant to G.L. c. 233 §79G," requirements noticeably absent from the judge's earlier order.[6]

"Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Lawless v. Estrella, 99 Mass. App. Ct. 16, 18 (2020). "[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in [Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002)], unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." Gillis v. Uxbridge, 103 Mass. App. Ct. 100, 101-102 (2023), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Here, as stated, the defendants'

---

[6] In fact, prior to the judge's order, Dr. Azar had sworn to the truth of his report under the penalties of perjury.

only demonstration was that the plaintiff had not provided any expert testimony. By the time the judge ruled, however, the plaintiff had provided expert testimony in the form of a sworn expert report in accordance with the second judge's order. Accordingly, there was no basis for granting the motion for summary judgment on this motion and record.

Of course, the court received no briefing on the adequacy of Dr. Azar's opinion, for the simple reason that the motion was filed during a pause in discovery and before the plaintiff produced the expert opinion in accordance with the judge's instructions. The defendants argue at length that Dr. Azar's letter, in its current form, is inadequate to raise a genuine issue of material fact.[7] It may be that Dr. Azar's opinion, presumably revised to reflect whatever discovery is provided after discovery resumes, ultimately will be inadequate to create a genuine issue of material fact.[8] That determination, however,

---

[7] The plaintiff, by contrast, argues that Dr. Azar's letter is adequate to raise a genuine issue of material fact. The defendants did not brief this question in the Superior Court, and it was not considered by the Superior Court judge in granting summary judgment. Furthermore, it is likely that Dr. Aziz's opinion will evolve once discovery resumes. Accordingly, we decline to determine whether Dr. Azar's opinion, in its current form, is adequate to raise a genuine issue of material fact.

[8] The plaintiff would be well advised to retain counsel to assist him in creating a summary judgment record in the form necessary under Superior Court Rule 9A(b)(5). Even if the plaintiff cannot locate an attorney willing to take this case on a

5

will have to await the end of discovery and briefing by the parties upon a motion for summary judgment filed after the summary judgment record is developed, rather than prior to its development.

"A pro se litigant is bound by the same rules of procedure as litigants with counsel."  Briscoe v LSREF3/AH Chicago Tenant, LLC, 481 Mass. 1026, 1027 (2019), quoting International Fid. Ins. Co. v. Wilson, 387 Mass 841, 847 (1983).  In addition to meaning that a pro se litigant is not entitled to special privileges, this also means that a pro se litigant should not be subjected to special obstacles as occurred here.  Similarly, attorneys facing pro se litigants are expected not to take advantage of those litigants or exploit the absence of counsel as an opportunity to lead the court astray, as also occurred here.

Judgment reversed.

By the Court (Wolohojian, Shin & Ditkoff, JJ.[9]),

Joseph F. Stanton

Clerk

Entered:  December 12, 2023.

---

contingency fee basis, he should be able to find an attorney willing to assist on an hourly fee basis.
[9] The panelists are listed in order of seniority.