Gelinas, J.
This report challenges the correctness of a trial judge’s allowing Jim-iny Peak, The Mountain Resort’s (defendant) motion for summary judgment. Charlee Fetzner (plaintiff) brought an action for damages resulting from a fall at defendants ski resort. The report sets forth certain undisputed facts determined by the judge at a hearing on the motion for summary judgment. While we do not have before us by reference or otherwise the pleadings or other foundational sources identified in Mass. R. Civ. P., Rule 56, there is no suggestion that the facts adduced are disputed or were introduced in any manner inconsistent with the Rule. The facts appear as follows:
1. On November 30, 1989, the plaintiff, while walking from the ski lodge to the chair lift slipped and fell sustaining personal injury. The plaintiff claims her fall occurred as a result of icy conditions.
2. The plaintiff, at the time of her fall, was wearing ski boots, carrying her skis and poles and, having descended the steps from the ski lodge, was walking toward the chair lift, looking for a flat spot to stand to step into her skis.
3. The area of the plaintiff’s fall is in an area of the slope which was designed for skiing and also set forth on trail maps prepared by the defendant.
4. A trail map marked with a “X” described the location of the plaintiff’s fall.
5. The location of the plaintiff’s fall was part of the skiable terrain used by the skiing public and maintained by the defendant as a designated area to be used by the skiers for the purposes of participating in the sport of skiing.
6. Trail maps were made available to the skiers in the lodge, at various lifts, and at the ticket booth where the plaintiff had earlier purchased her lift ticket. Plaintiff did not observe any trail maps at the ticket booth or lodge, nor was she given a trail map when purchasing her lift ticket at the ticket booth.
7. The defendant maintained large signs (approximately 7’ x 12”) which depict the various slopes and trails and contained the same trail and lift layout information as set forth on the trail maps. Plaintiff did not observe any large signs depicting the various slopes and trails and containing trail and lift layout information.
Based upon the provisions of G.L.c. 143, §§71I-71P, the court found:
*56 1. That, at the time of the accident, plaintiff was a “skier” as defined in §711.
2. That the place of the accident was within the “ski area” as defined in §711.
3. That the plaintiff assumed the risk of this type of accident pursuant to c. 143, §710.
Summary judgment under Mass. R. Civ. E, Rule 56 may be granted if the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” A party moving for summary judgment on a claim in which the opposing party has the burden of proof at trial is entitled to summary judgment if it demonstrates by reference to materials specified to in Mass. R. Civ. P., Rule 56(c), and unmet by countervailing material, that the opposing party has no reasonable expectation of proving an essential element of that party’s case. The moving party is not required to submit evidence to negate one or more elements of the opposing party’s claim. Kourouvacilis v. General Motors Corporation, 410 Mass. 706 (1991).
Based upon the uncontroverted facts before the court, the plaintiff is clearly subject to the provisions of G.L.c, 143, §§71I-71P.
The list of duties described in §71N specifically excludes liability for injury to a skier which may arise out of the risks inherent in the sport of skiing. A ski area operator is responsible for maintenance and operation of the ski area in a reasonably safe condition or manner. Irrespective of that responsibility, it is not liable for injury which may arise out of certain inherent risks. The Legislature has set forth in §710 a comprehensive and detailed description of a skier’s duties including a description of events for which no liability would attach to the ski area operator. There is further a description of some, but not all, unavoidable risks inherent in the sport of skiing that the skier must assume, including but not limited to, variations in terrain, surface or subsurface snow, ice conditions or bare spots. A skier accepts in this Commonwealth, as a matter of law, the risk that he or she might be injured in a manner that falls within those risks specified in the statute as well as those risks that, although not specifically identified, are contemplated in the statutory theme.
The definition of skier in G.L.c. 143 includes any person utilizing the ski area. The term “ski area” is defined as all of the slopes and trails under the control of the ski area operator. The area where the plaintiff’s accident occurred is within that area designed for the use of patrons in the sport of skiing. The area of the plaintiff’s fall is also within that portion of the ski area set forth on the Jiminy Peak trail map. The judge determined uncontroverted, that plaintiff was clearly utilizing the area where her fall occurred for the purpose of skiing. There is no requirement in G.L.c. 143 for the person to be actually skiing since, by definition, the term “skier” includes passengers on a recreational tramway as well as riders during the non-skiing season. G.L.c. 143 makes clear there are risks inherent in the sport of skiing which would include the existence of ice conditions or bare spots. Pursuant to the statutory provisions applicable to this case, the defendant, as a matter of law, owed no duty to protect or guard the plaintiff from the fall caused by icy conditions in the ski area but, instead, the law of this Commonwealth requires that she assume the risk of injury.
The report is dismissed.