Fahey, J.
The plaintiff, Constance Susan Kelly (“Kelly”), filed this- action against the defendant, City of Cambridge (“the city”), after she was scratched by a stray cat and subsequently had to undergo a series of rabies shots. Kelly alleges in her one-count complaint that the city is liable for her injuries under the Massachusetts Torts Claims Act (“MTCA”), G.L.c. 258, because the city negligently allowed the cat to escape from the city’s custody which resulted in her having to receive rabies treatment. The cily now moves for summary judgment.

BACKGROUND

On August 30, 1993, Kelly, a Cambridge resident, was scratched by a stray cat. She described the cat as healthy at the time of the incident. After being scratched, she walked several blocks to the Cambridge City Hospital and did not receive medical attention. On August 31, 1993, Kelly telephoned the Cambridge Animal Commission (“CAC”)[1] and asked for the removal of the stray cat. She then trapped the cat for the CAC officers to pick up. The officers arrived at her home that day, placed the cat in a cage known as a top loader, and took the cat away.
On September 1, 1993, one of the officers telephoned Kelly to inform her that the cat had escaped from their custody. On or about September 2, 1993, Kelly underwent treatment for rabies. She presented her claim to the Mayor of the City of Cambridge on or about June 19, 1995. The city now moves for summary judgment.

DISCUSSION

Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highland Ins, Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). “(A) party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corporation, 410 Mass. 706, 716 (1991). “Once the defendants [meet] their burden in moving for summary judgment, the burden shift[s] to the plaintiff! s] to show with admissible evidence the existence of a dispute as to material facts.” Quigley v. Bay State Graphics, Inc., 427 Mass. 455, 459 (1998), quoting Godbout v. Cousens, 396 Mass. 254, 261 (1985). Accordingly, the facts are viewed in the light most favorable to the plaintiff, the party that is opposed to the motion for summary judgment. Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 459 (1997).
The MTCA allows those with valid claims in tort to recover against governmental entities.[2] See Lawrence v. Cambridge, 422 Mass. 406, 408 (1996). A person, however, may not sue a governmental entity for the negligent act of one of its employees if one of the immunity provisions apply. See G.L.c. 258, §10. The city argues that exclusion (j) applies in this case. Exclusion (j) provides that the MTCA shall not apply to:
any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.
Kelly then contends that if exclusion (j) applies, that exception (1) to the exclusion also applies. Exception (1) states that exclusion (j) shall not apply to:
any claim based upon explicit and specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken, made to the direct victim or a member of his family or household by a public employee, provided that the injury resulted in part from reliance on those assurances. A permit, certificate or report of findings of an investigation or inspection shall not constitute such assurances of safety or assistance.
While neither the word “explicit” nor “specific” is defined in this exception, the words have been defined by the SJC in accordance with their plain meaning. See Lawrence, supra at 410. The Court explained that “by ‘explicit’ the Legislature meant a spoken or written assurance, not one implied from the conduct of the parties or the situation, and by ‘specific’, the terms of the assurance must be definite, fixed, and free from ambiguity.” Id.
*132 This court finds that exclusion (j) does apply in this case. As the harm in this case (the cat scratch) was not originally caused by the city, the city is not liable in negligence under the MTCA for its failure to prevent the harmful consequences (the rabies injections). Though this statute is somewhat ambiguous, this result is in accord with the few opinions by the SJC discussing this exclusion. See Brum v. Dartmouth, 428 Mass. 684 (1999) (and cases cited) (exclusion applied based on finding that failure of school to provide security was not original cause of eventual shooting); Lawrence, supra (exclusion applied based on finding that police did not originally cause the criminal conduct of the person who shot the storekeeper). Accepting the opposite interpretation would lead to a conclusion in practically every case that the consequences of a “failure to prevent” a harm, were in fact the “original cause” of the harm. If this court were to accept and apply that analysis, “the exception would swallow the rule.” Brum, supra at 693. This outcome is consistent with the principal purpose of this exclusion which is to “preclude liability for failures to prevent or dimmish harm ...” Id.
The final question in this case then, is whether the exception to the exclusion applies. The plaintiff argues that the CAC officers informed her that the cat would be taken to the animal shelter on Ruggles Street in Boston and quarantined for ten days. It is her position that if, after ten days, the cat was determined not to be rabid, the officers would have informed her of such and she would not have required the rabies shots. However, she has not provided any evidence of an “explicit” or “specific” assurance from the CAC officers, as the SJC has defined the terms, and triggering the exception, that the cat would be quarantined and she would be informed of the results. Regardless, the last sentence of exception (1) to exclusion (j) deals squarely with this situation. Any notification to the plaintiff of the cat’s status by the officers, would have been a “report of findings of an investigation or inspection.” As such, the last sentence of exception (1) specifically provides that this does not constitute an assurance sufficient to make the exception apply.
Since this court finds that G.L.c. 258, §10(j) does apply here, that the city is accordingly immune from liability under the MTCA in this case, and that no exception to this immunity applies, the defendant’s motion for summary judgment is allowed.

ORDER

For the foregoing reasons, the defendant City of Cambridge’s motion for summary judgment is hereby ALLOWED.

The CAC is a department of the city which provides and facilitates programs concerning animal control and welfare in the city. See City of Cambridge Municipal Ordinance, Title 2, Chapter 2.82, §2.82.020.

G.L.c. 258, §2 states in pertinent part: “Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment . .