McDonald, J.
The plaintiff, Daniele International, Ltd., filed this action in one count alleging that the defendants, The Great Atlantic and Pacific Tea Company, Inc. and Waldbaum’s Foodmart, Inc. (collectively referred to as “A&P”), breached an oral agreement that obligated A&P to provide shelf space in its grocery stores for the plaintiffs products for two years and to promote the plaintiffs products. A&P has moved for summary judgment arguing, inter alia, that the oral contract is unenforceable because it could not have been performed within one year as required by the Statute of Frauds, G.L.c. 259, §1. For the following reasons, the motion for summary judgment is allowed.
BACKGROUND
The following facts taken from the summary judgment record are viewed in the light most favorable to the plaintiff as the nonmoving party.
A&P owns and operates grocery stores in New England. The plaintiff imports food items for sale at grocery stores. In June of 1995, the plaintiff and A&P entered into an agreement under which the plaintiff would provide $60,000 in free merchandise to A&P in exchange for which A&P would allot shelf space at its stores in the New England region for the sale of the plaintiffs products. The parties refer to such a payment or free merchandise in lieu of payment as a “slotting fee,” a “slide-in allowance,” or a “rack allowance.” On June 16, 1995, the plaintiffs broker, Tom Connors, set forth the terms of the agreement in a letter to A&P’s representative, Jeff King. Connors’ letter reads in relevant part:
Thank you very much for your time yesterday, and [Francesco Daniele] and I are looking forward to a long and prosperous relationship with A&P/Foodmart. Below please find what we believe to be the final agreement between Daniele and A&P/Foodmart.
1) Slotting — For 12 Pasta items, plus 28 oz. imported tomato’s [sic] Daniele will pay $60,000. This will be taken in two installments — one for $30,000.00 after 30 days and the second to be held for six months.
Should you have any questions or comments on this program, please feel free to call.
The plaintiffs president, Francesco Daniele, testified at his deposition that on or about July 10, 1995, the parties orally agreed, in connection with the above agreement, that A&P would allot shelf space for the plaintiffs products for a period of two years, regardless of whether or not the plaintiffs products were selling, and that A&P would promote the plaintiffs products. There is no written agreement memorializing these terms.
A&P began stocking the plaintiffs goods on its shelves in June or July of 1995. By December 4,1995, A&P had received the entire $60,000 worth of free merchandise from the plaintiff in accordance with the terms recited in Connors’ letter. On August 19, 1996, A&P discontinued ordering and selling the plaintiffs products. According to the plaintiff, this discontinuance and A&P’s failure to return the $60,000 slotting fee were in breach of their oral agreement that A&P would provide shelf space for the plaintiffs products for two years. The plaintiff further complains that A&P breached the terms of their oral agreement by failing to promote the plaintiffs products.
DISCUSSION
The burden is on the moving party for summary judgment to “show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c). See also Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713-14 (1991). The issue before the *2 Court, whether the alleged oral contract is unenforceable under the Statute of Frauds, is a question of law. See Simon v. Simon, 35 Mass.App.Ct. 705, 709 (1994).
The Statute of Frauds, G.L.c. 259, §1, reads in relevant part:
No action shall be brought: . . . Fifth, upon an agreement that is not to be performed within one year from the making thereof;
Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.
This provision invalidates contracts which, by their terms, cannot be performed within one year. G.L.c. 259, §1; Meng v. Trustees of Boston University, 44 Mass.App.Ct. 650, 652 (1998); In Re Furst, 914 F.Sup. 734, 738 (D.Mass. 1996). The oral contract alleged by the plaintiff is one that could not have been fully performed in one year because it required A&P to allot shelf space for the plaintiffs goods for two years. Consequently, it is unenforceable under G.L.c. 259, §1.
In seeking to avoid this conclusion, the plaintiff contends that the oral agreement is governed instead by the Statute of Frauds appearing in the Uniform Commercial Code (“the UCC”), G.L.c. 106, §2-201(l)[2] and G.L.c. 106, §2-201(3)(c), which exempts from the UCC’s Statute of Frauds contracts “with respect to goods for which payment has been made and accepted or which have been received and accepted ...” According to the plaintiff, A&P’s acceptance of the $60,000 worth of merchandise takes the contract out of the Statute of Frauds of G.L.c. 106, §2-201(1).
The plaintiffs reliance upon G.L.c. 106, §2-201(3)(c) is misplaced. First, the plaintiff cites no authority for its implicit argument that G.L.c. 106, §2-201 (3) (c) trumps and renders enforceable contracts which fall within G.L.c. 259, §1. These two standards of enforceability address distinct issues: G.L.c. 259, §1 looks at the period during which the contract must be performed, whereas G.L.c. 106, §2-201 (3) (c) permits recovery when a plaintiff has partly or fully performed its obligations under the contract.
Moreover, the UCC Statute of Frauds and its exceptions apply to contracts for the sale of goods. See G.L.c. 106, §2-201. The alleged oral agreement here does not constitute a contract for the sale of goods, but instead provides only for the length of time in which A&P was required to allot shelf space for the sale of the plaintiff s products. Even if the two-year term had been agreed upon by A&P in exchange for the $60,000 worth of free merchandise, the plaintiff will not be able to show that the transaction would qualify as a sale of goods to A&P, which paid nothing. See G.L.c. 106, §2-106 (“A ‘sale’ consists in the passing of title from the seller to the buyer for a price”). Therefore, G.L.c. 106, §2-201 is inapplicable, and G.L.c. 259, §1 precludes the plaintiff from recovering for breach of the alleged oral contract.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants The Great Atlantic and Pacific Tea Company, Inc.’s and Waldbaum’s Foodmart, Inc.’s Motion for Summary Judgment is ALLOWED.

G.L.c. 106, §2-201(1) reads in relevant part: "Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties ...”

fyhis result does not bar the plaintiff from seeking recovery on a theory of quantum meruit for goods delivered to A&P. See Meng v. Trustees of Boston University, 44 Mass.App. 650, 653 n.4 (1998).