Haggerty, J.
INTRODUCTION
This is a personal injury case arising out of an incident in which the plaintiff, Linda Manganaro, was struck by a police motorcycle escorting a funeral procession. Count II of the amended complaint seeks to hold Keefe Funeral Home, Inc. (“Keefe”) vicariously liable for the alleged negligence of the police officer, Officer Hudson (“Hudson”). Count III alleges negligence directly against Keefe, claiming that Keefe negligently planned and conducted the funeral procession. Keefe now moves for summary judgment on those two counts. For the reasons which follow, Keefe’s motion is ALLOWED.
BACKGROUND
Keefe was hired by the family of the late Robert Lefebvre to provide funeral and burial services. The funeral was scheduled for Saturday morning, January 12, 2002. The burial was to follow at the Mount Pleasant Cemetery. As a funeral home operator, Keefe is generally in charge of organizing the funeral procession and getting the procession to its destination in the quickest and safest possible manner. On Friday evening, January 11, 2002, the decedent’s son, a Cambridge police officer, told Keefe that a police escort would be provided for the funeral procession. Keefe responded, “that’s fine.” There was no additional con *203 versation concerning the processional route or the police escort between Keefe and the son or any of the participating officers.[2]
On the morning of the funeral, Cambridge police escorted mourners from the funeral home to the Church. After the funeral, a Cambridge police officer told Keefe that the family wanted the procession to pass by the decedent’s family home on the way to the cemetery. A police cruiser led the procession by the home and then onto Massachusetts Avenue, where the incident ultimately occurred. Officer Hudson, driving a police motorcycle, struck the plaintiff as she tried to cross the street.
This Court (Fabricant, J.) has already determined that there is no genuine issue of fact that “[Officer Hudson] was not acting either as an individual or as an agent of Keefe.” See Memorandum of Decision and Order on Defendant Lawrence R. Hudson’s Motion for Summary Judgment, dated February 13, 2004, atpp. 2-4. The summary judgment record now before the Court confirms that there is no genuine issue of fact as to this issue. This Court does not revisit the earlier ruling, except to reiterate that the undisputed evidence in the record demonstrates Officer Hudson was acting in his capacity as a Cambridge police officer and that Keefe exerted no control over him.
DISCUSSION
1.Standard
Summary judgment will be granted if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c). Where, as here, the non-moving party bears the burden of proof at trial, the moving party must demonstrate “by reference to the material described in rule 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). In determining whether the plaintiff has a reasonable expectation of proving her case, the court will view the evidence produced and all reasonable inferences therefrom in the light most favorable to her. Labonte v. Hutchins & Wheeler, 424 Mass. 813, 821 (1997). Nevertheless, the plaintiff must point to admissible materials setting forth specific facts demonstrating a genuine issue for trial. Godbout v. Cousins, 396 Mass. 254, 261-62 (1985). The plaintiff may not rely on “conclusory allegations, improbable inferences, and unsupported speculation.” Goldman v. First Nat’l Bank, 985 F.2d 1113, 1116 (1st Cir. 1993).
2.Vicarious Liability — Count II
The plaintiff is correct that the key inquiry in determining vicarious liability is the right of the putative principal to exert control over the putative agent. Kelly v. Rossi, 395 Mass. 659, 661 (1985). However, there is no evidence in the record demonstrating that Keefe did exert or could have exerted any control over Officer Hudson. As such, summary judgment must enter for Keefe on Count II. The defendant’s motion as to Count II is allowed.
3.Negligence — Count III
The plaintiff argues that Keefe was negligent in failing to safely and properly escort the procession to its destination, “by failing to retain sufficient police or other traffic control individuals . . . and otherwise negligently conducting] its business operations.” Specifically, the plaintiff argues that Keefe had a duty to “hire or otherwise secure enough details or escorts to safely transport the funeral procession from the church to the cemetery” and that Keefe’s failure to do so resulted in there being too few officers which necessitated the dangerous “leap-frogging” technique which caused the accident. The plaintiffs arguments fail for two reasons.
First, although funeral directors generally owe a duty of care in the operation of their business, see generally Bresnahan v. McAuliffe, 47 Mass.App.Ct. 278 (1999), there is no duty in Massachusetts for a funeral home to hire or otherwise secure adequate police escorts for funeral processions. Indeed, the undisputed evidence in the record indicates that the vast majority of civilian funeral processions proceed without such an escort and that a funeral director has no authority to hire and/or demand a police escort. While the evidence suggests that a funeral director may request such an escort, there are no statutory or regulatory provisions requiring that police respond to such a request. Superintendent Harold Murphy, who was designated by Cambridge as its 30(b)(6) deponent, testified that while the police attempt to accommodate such requests, the provision of a police escort is contingent on the availability of sufficient resources and personnel. This testimony is undisputed. Therefore, Keefe had neither the ability nor the authority to hire and deploy an adequate police escort. Because no duty existed to provide these services, Keefe cannot be held liable for its failure to do so.
In addition, as noted above, the undisputed evidence demonstrates that Keefe had no authority to control the manner in which the Cambridge Police exercised its duties. Thus, Keefe had no duty (or even the ability) to require that the police utilize certain traffic control techniques or deploy a certain number of officers. As such, Keefe cannot be held directly liable for failing to impede or otherwise prevent the allegedly negligent techniques utilized by the police in this case.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Keefe Funeral Home, Inc’s Motion for Summary Judgment on counts II and III of the Complaint be ALLOWED.

The plaintiffs attempt to manufacture a dispute of fact as to this point is unavailing. The Plaintiffs contention that Keefe directed the police escort is directly contradicted by the uncontroverted evidence in the record before this Court-— namely, the 300o) (6) deposition testimony of Charles D. Keefe, Jr. at pp. 60-62, in which Keefe stated that he did not speak to the Cambridge police officers at all prior to the accident.