Connon, Richard F., J.
This case arises out of a subrogation claim brought by the Barnstable County Mutual Insurance Company as a subrogee of the estate of Miriam L. MacLennan, wherein Barnstable County Mutual Insurance Company seeks recovery for payments it made to MacLennan pursuant to a homeowner’s policy for a fire loss at her property at or around June 9th, 2004. In moving for summary judgment, the defendant states that the allegations of the plaintiff are that the insured purchased an electric blanket from New England Jobbers of Falmouth, d/b/a Ocean State Job Lot. It is further alleged that the electric blanket in question was defective and that such defect caused the electric blanket to catch fire, resulting in a total loss to MacLennan’s home. The plaintiff does not have a receipt, a bill of sale, or other evidence of a purchase, nor has the plaintiff been able to provide the manufacturer’s name, make or model. The plaintiff has alleged that the defect had caused the blanket to ignite, and that said defect has not been identified and remains unknown.
*611 “Summary judgment is appropriate where there are no genuine issues of material fact, and where viewing the evidence in light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.” Opara v. Massachusetts Mutual Life Insurance Company, 441 Mass. 539 (2004). As the court stated in Opara, the party moving for summary judgment in a case in which the opposing party has the burden of proof at trial is entitled to summary judgment if it demonstrates by reference to material described in M.R.C.P. 56(c), unmet by countervailing materials that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Opara, supra, quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991).
In making the determination whether a genuine issue of material fact exists, the court must draw all reasonable inferences from the material accompanying the motion in the light most favorable to the party opposing it. Attorney General v. Bailey, 386 Mass. 367, 371 (1982). Also, the court must resolve against the moving party all doubt concerning the existence of a material fact.
The requirement of an affirmative response by the party opposing a motion for summary judgment is spelled out in the rule itself. The last two sentences of Rule 56(e) provide as follows: When a motion for summary judgment is made and supported as provided in this rule, the adverse party may not rest upon the mere allegations or denials of its pleading, but their response must be by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue of trial. If he does not so respond, summary judgment if appropriate shall be entered against him.
In opposing the motion, the plaintiff Barnstable County Mutual Insurance Company has alleged by their amended complaint that the fire which burnt their insured’s home was caused by a defective electric blanket that the insured purchased from the defendant New England Jobbers of Falmouth, Inc., d/b/a Ocean State Job Lot. As a result of that fire, the insured’s home was a total loss and the plaintiff paid the proceeds of the policy pursuant to said policy. The only evidence before the court submitted in the materials opposing said motion is a statement that the insured Miriam L. MacLennan, now deceased, purchased the electric blanket from Ocean State Job Lot sometime in 2001. That an affidavit from Andrew Williams, an engineer, that he along with a representative from the defendant completed a non-destructive examination of remains of the electric blanket on May 6th, 2001. That the representative from Ocean State Job Lot said that Ocean State did in fact sell electric blankets, and that one particular brand manufactured by “Biddeford Textile Corp." had been recalled because of “a non-specific” defective condition that produced a fire hazard. That there was a subsequent examination of the blanket’s remains, and that was conducted on April 14th, 2006 by Williams and the same representative from Ocean State Job Lot and a representative from Biddeford Textiles and an attorney from the plaintiffs counsel’s office. This examination failed to disclose the manufacturer’s identity or the nature of the defect which allegedly caused the fire loss. A second affidavit was from Richard Splaine, C.F.C., who opined that the origin of the fire was on top of the bed, and the ignition source was likely due to a manufacturing defect of the electric blanket.
In addition to opposing the defendant’s motion for summary judgment, the plaintiff stated that they were unable to present specific facts in opposition to a motion for summary judgment because of the lack of time or the opportunity to engage in discovery. This is a file that has been open since September of 2007, and according to time standards is ripe for summary judgment early next month. The court is mindful that all parties must have a reasonable opportunity to prepare its case and if this court were to grant summary judgment to a moving party before the opposing party has had such an opportunity would constitute an abuse of discretion. In determining how much time should be granted to a party opposing summary judgment to develop its case, the court can consider the nature of the action, the amount of time it has been pending, the diligence or lack of diligence displayed by the opposing party in seeking discovery before filing the motion, and the co-operation on the part of the moving party in providing discovery to the opponent.
On no less than two occasions, both the plaintiff and the defendant have participated in non-destructive testing of the remains of the electric blanket, and the results of those examinations have failed to determine the name of the manufacturer or the nature of the defect which caused the fire. It doesn’t appear likely that any additional time granted by this court for discovery regarding the examination of the electric blanket remains would be any more beneficial than those inspections that took place several years ago. What is essential to all of the plaintiffs claims is that the damages sustained by their insured was a proximate result of a defective condition that existed at the time of the sale of the electric blanket. The plaintiff has not established the basic element of their negligence claims or warranty claims. They have failed to establish the identity of the manufacturer and that the defect caused the blanket to ignite. Since the plaintiff has failed to establish the elements of this claim, the court will grant summary judgment on all counts for the defendant.