Augustus Laface appeals from the summary judgment entered in Superior Court enforcing a settlement agreement between Laface and Youssef Matar in settlement of a prior action by Matar. The motion judge held that a memorandum of understanding (MOU) detailing the terms of the settlement, filed with the court in the prior action, was binding as a matter of law and ordered the entry of judgment for Matar. We affirm
Background. In 2005, Matar filed a complaint in Superior Court alleging fraud, deceit, and misrepresentation in connection with Matar's land purchase from Laface.[4] On the date scheduled for trial, the parties agreed to terms of settlement and so advised the prior judge. In response to the prior judge's order, the parties signed and filed the MOU, dated September 1, 2009, reciting the terms of the settlement. The detailed MOU provided that the parties would "execute a settlement agreement and all other documents to memorialize and effectuate the terms of the settlement." The prior judge then ordered the entry of dismissal nisi, requiring the parties to file an agreement for judgment or a stipulation of dismissal. The action was eventually dismissed without prejudice when the parties failed to file the required documents. In 2015, Matar commenced this action, seeking to enforce the agreement contained in the MOU as Laface had failed to execute the settlement agreement.
When Matar moved for summary judgment, the motion judge agreed that it was warranted, concluding that the MOU was an enforceable contract, and he ordered the entry of judgment for Matar. On appeal, the sole argument raised by Laface is that there is a genuine issue of material fact whether the parties intended to be bound by the MOU. In support of this argument Laface relies on his affidavit stating that he did not intend to be bound by the MOU, but only by the settlement agreement, which was never executed.
Discussion. We review the grant of summary judgment de novo to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Juliano v. Simpson, 461 Mass. 527, 529-530 (2012). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711-712, (1991).
Here the issue before us is whether the MOU representing the settlement agreement reached by the parties is an enforceable contract. "The interpretation of a contested written contract is a question of law ordinarily appropriate for disposition by summary judgment. See Lumber Mut. Ins. v. Zoltek Corp., 419 Mass. 704, 707 (1995) ; LoCicero v. Hartford Ins. Group, 25 Mass. App. Ct. 339, 341 (1988). A dispute over a writing clearly stating the rights and duties of the parties becomes especially suitable for summary decision. See USTrust v. Henley & Warren Mgmt., Inc., 40 Mass. App. Ct. 337, 341-343 (1996)." Targus Group Int'l, Inc. v. Sherman, 76 Mass. App. Ct. 421, 428 (2010).
While our review is de novo, we have the benefit of the motion judge's thorough and thoughtful decision. After independently considering the record and the applicable law, we reach the same conclusion. Here the MOU contained all of the essential terms of a contract. The language of the MOU, that the parties "have agreed to settle" the case and that Laface "will pay" the amount specified in the MOU in accordance with a payment plan, was not conditional or contingent and reflected the parties' intent to be bound. See Dominick v. Dominick, 18 Mass. App. Ct. 85, 86-89 (1984) (once parties indicated to judge that they had entered into settlement agreement with express intention of reducing agreement to writing, agreement became binding even in absence of formal signed agreement). Laface's averments in opposition to the motion for summary judgment that he did not believe the MOU obligated him to do anything and that he believed he would only be obligated once he signed the final settlement agreement is inconsistent with the clear language of the MOU. "[T]he clarity of the [MOU] prevents the inference (and any genuine issue of material fact) that such a term was open or unresolved." Targus Group Int'l Inc., 76 Mass. App. Ct. at 434 n.11. See Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 773 (2006) (language party uses in offer of judgment, not undisclosed subjective intent, determines meaning). Accordingly, we affirm the summary judgment for Matar.
Judgment affirmed.

The action concerned alleged misrepresentations about the buildability of the lot.