NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-665

ERIN N. DIORIO

vs.

JOHN G. LALACHEUR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Chief of the Beverly Police Department, John G. LaLacheur (chief), appeals from a Superior Court judge's order denying his motion for summary judgment.[1] Concluding that there is no genuine issue of material fact that the chief is entitled to common law immunity as a matter of law, we reverse.

1. Standard of review. "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Lawless v. Estrella, 99 Mass. App. Ct. 16, 18 (2020). "The moving part[y] may satisfy [his] burden of demonstrating the

---

[1] We agree with both parties that the denial of summary judgment on a claim of common law immunity is immediately appealable. See Duarte v. Healy, 405 Mass. 43, 44 n.2 (1989). Cf. Doe v. Roman Catholic Bishop of Springfield, 490 Mass. 373, 385 (2022) (same for charities claiming common law immunity).

absence of a triable issue either by submitting evidence that negates an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of [her] case at trial."  Petrell v. Shaw, 453 Mass. 377, 381 (2009).  "Once the moving party has met this burden, the opposing party is 'required to respond by "set[ting] forth specific facts showing that there is a genuine issue for trial."'"  Hill-Junious v. UTP Realty, LLC, 492 Mass. 667, 672 (2023), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).  "In deciding a motion for summary judgment the court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits."  Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 506 (2019), quoting Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 18 (2017).  "Our review of a motion judge's decision on summary judgment is de novo, because we examine the same record and decide the same questions of law."  Brandt v. Davis, 98 Mass. App. Ct. 734, 737 (2020), quoting Boston Globe Media Partners, LLC v. Department of Criminal Justice Info. Servs., 484 Mass. 279, 286 (2020).

2.  Common law immunity.  "At common law, . . . a public official, exercising judgment and discretion, is not liable for negligence or other error in the making of an official decision if the official acted in good faith, without malice, and without

2

corruption." Nelson v. Salem State College, 446 Mass. 525, 537 (2006). Here, the chief is entitled to summary judgment based on common law immunity because he put forward unrebutted evidence that he was exercising discretion in making an official decision and that he acted in good faith, without malice, and without corruption.

The chief had discretion to tweet[2] a most wanted poster from his personal Twitter social media page. As set forth in the City of Beverly Website and Social Media Use Policy (as revised March 2018), "[e]mployees are prohibited from using personal [social media] accounts to post or comment in a way that suggests that they are speaking on behalf of the City, unless they are expressly authorized to do so by their Department Head." The chief is the "head of the Police Department" and has "charge of public relations and information for the Department." Ordinances, § 58-33(A) & (F)(10) (2018), of the city of Beverly.

The chief put forward prima facia evidence that he acted in good faith, without malice, and without corruption. While responding to a drive-by shooting, the chief tweeted information about the suspect to "notif[y] . . . the public in the area of a large-scale ongoing public safety matter." He intended to

_____

[2] At the relevant times posts on the social media platform formerly called Twitter were called tweets. See Campbell v. Reisch, 986 F.3d 822, 823 (8th Cir. 2021).

3

attach a most wanted picture of the suspect, but instead he attached an internal officer safety memorandum.[3] The memorandum alerted officers that the suspect had threatened to kill the plaintiff and her unborn child, and it listed the address of the plaintiff's child's daycare and what time the plaintiff intended to pick the child up. Ten to fifteen minutes later, someone called the chief and told him that there was "personal information" in the tweet that "shouldn't have gone out." The chief "immediately deleted it." Officers met the plaintiff when she arrived to pick up her child and took the plaintiff and her child to a hotel, where they stayed until the suspect was arrested.

The plaintiff did not put forward any specific facts showing that there is a genuine issue for trial whether the chief acted in good faith, without malice, and without corruption. There is no evidence that the chief had any sort of personal relationship with the plaintiff or the suspect, any other personal interests, or any motive other than law enforcement. Instead, the plaintiff resorts to speculation "that [the chief] was using the Plaintiff's information as to the whereabouts of her son and herself as bait to draw out [the

---

[3] The record does not show that the chief had any history of mistakenly posting confidential information. This case might well be different if the chief had such a history and had not taken steps to correct his posting habits.

4

suspect]."  This mere assertion is insufficient; the party opposing summary judgment "cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment."  Green v. Zoning Bd. of Appeals of Southborough, 96 Mass. App. Ct. 126, 133 (2019), quoting LaLonde v. Eissner, 405 Mass. 207, 209 (1989).  Moreover, this is not a natural inference from the facts.  The chief immediately deleted the post upon learning of its contents and sent officers to meet the plaintiff when she picked her child up, actions wholly inconsistent with the plaintiff's speculative theory.

3.  Conclusion.  The order denying the defendant's motion for summary judgment is reversed.  Summary judgment shall enter for the defendant.

So ordered.

By the Court (Green, C.J.,
  Henry & Ditkoff, JJ.[4]),

Assistant Clerk

Entered:  April 29, 2024.

---

[4] The panelists are listed in order of seniority.

5