NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-386

JANE DOE, SEX OFFENDER REGISTRY BOARD NO. 300581

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jane Doe, appeals from a Superior Court summary judgment in favor of the defendant, the Sex Offender Registry Board (SORB), on Doe's complaint seeking declaratory and injunctive relief that SORB's regulations are arbitrary and capricious as applied to her and therefore violate her constitutional right to due process of law.  Doe argues that a genuine issue of material fact is shown by the affidavit of her expert averring that the SORB regulations "as applied to females convicted of sexual offenses, including . . . Doe, are not consistent with the empirical literature and do not reflect best practices for risk assessment for this population."  Because Doe's expert affidavit does not set forth any facts calling into

question how the SORB regulations were applied to Doe individually, as opposed to female offenders as a group, it does not present a dispute of fact that is material in an as-applied challenge, and thus we affirm the judgment.

Background.  In August 2010, Doe pleaded guilty to two counts of indecent assault and battery on children under fourteen.  The convictions were based on an incident in which Doe, then twenty years old, forced a twelve year old boy to put his penis into her "butt," forced the head of a different twelve year old boy toward her genitals for cunnilingus, and asked one of the boys to engage in sex acts with an eight year old girl.  At sentencing, the judge considered an evaluation in aid of sentencing of Doe by forensic psychologist Dr. Charlotte Denton.

After multiple hearings, SORB in 2018 classified Doe as a level two sex offender, based on a finding by clear and convincing evidence that her risk of reoffense was moderate, her dangerousness was moderate, and a public safety interest was served by Internet publication of her registry information.  See G. L. c. 6, § 178K (2) (b).  In making that classification, the hearing examiner applied SORB's regulations, 803 Code Mass. Regs. § 1.33 (2016), which recognize that the rate of reoffense among female sex offenders is low, and as a result female sex

2

offenders are entitled to "mitigating weight."[1]  The hearing

examiner considered Dr. Denton's aid in sentencing evaluation

and the testimony of Doe's expert, clinical psychologist Dr.

Frederick Winsmann, about female sex offenders' recidivism

rates.  In addition, the hearing examiner considered two studies

submitted by Doe dated 2005 and 2007 on recidivism in female sex

offenders.[2]  The hearing examiner concluded that the studies

support a low risk of reoffense for female sex offenders

generally, but they also point to several risk-aggravating

factors present here.  Unlike most female sex offenders, Doe

committed her sex offenses alone rather than with a male

accomplice.  Other risk-aggravating factors recognized by those

studies include that Doe was victimized in childhood, had

difficulties maintaining intimate relationships, and had

problems with mental health and substance use.

---

[1] As to the factors listed in 803 Code Mass. Regs. § 1.33, the hearing examiner gave maximum weight to high-risk factor 3 (adult offender with child victim), and also found elevated risk based on factors 7 (relationship between offender and victim), 21 (diverse victim type), and 22 (number of victims).  Among the other factors that the hearing examiner considered to be risk-elevating were factors 9 (alcohol and substance use) and 13 (noncompliance with community supervision).  Among the factors that the hearing examiner considered risk-mitigating were factors 28 (supervision by probation), 29 (offense-free time in the community), and 33 (home situation and support systems).

[2] Those two studies were discussed by the court in Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 603, 605 (2013).

3

Doe filed her Superior Court complaint seeking judicial review of her classification as a level two sex offender, G. L. c. 30A, § 14, and a separate claim for declaratory and injunctive relief challenging the SORB regulations as applied to her, G. L. c. 231A, §§ 1 & 2. Doe moved for judgment on the pleadings on the chapter 30A claim, arguing that the level two classification was not supported by substantial evidence and that the SORB regulations "are invalid as-applied to Doe." A judge denied the motion, concluding that the SORB regulations were not arbitrary and capricious as applied to Doe, because the hearing examiner considered evidence presented by Doe on the subject of recidivism in female sex offenders, including Dr. Winsmann's testimony and the two scholarly articles. G. L. c. 6, § 178K (1) (l) ("any materials submitted by the sex offender"); 803 Code Mass. Regs. § 1.33(37) ("any information that [SORB] deems useful"). The judge ordered that judgment enter affirming SORB's determination that Doe is a level two sex offender.

On the remaining counts for declaratory and injunctive relief, SORB moved for summary judgment, supported by an affidavit of clinical psychologist Dr. Alexandria M. Weida. Doe opposed summary judgment, supported by an affidavit of forensic psychologist Dr. Kaitlyn Peretti. Another Superior Court judge

4

granted summary judgment in favor of SORB.  That judge noted

that in denying Doe's motion for judgment on the pleadings, the

first judge had already considered and rejected Doe's argument

that SORB's regulations were invalid as applied to Doe because

they were not based on a scientific understanding of recidivism

rates of female sex offenders.  The second judge then concluded

that, were she to consider Doe's as-applied challenge anew, it

would not succeed, because the hearing examiner "performed a

careful and individualized assessment of Doe," applying the SORB

regulations that treated as mitigating Doe's status as a female

sex offender and considering the expert testimony and scholarly

articles submitted by Doe.  Final judgment entered for SORB.

Doe now appeals from the summary judgment on her claims for

declaratory and injunctive relief.[3]

Discussion.  Summary judgment is appropriate if, as shown

by materials comprised of the pleadings, discovery responses,

and affidavits, "there is no genuine issue of material fact."

Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  See

DuPont v. Commissioner of Correction, 448 Mass. 389, 397 (2007).

In reviewing the allowance of summary judgment, we view the

evidence in the light most favorable to Doe, the nonmoving

---

[3] Doe does not appeal from the judgment on the pleadings in favor of SORB on her G. L. c. 30A, § 14 claim for judicial review of her classification as a level two sex offender.

party, and determine whether SORB is entitled to judgment as a matter of law. See Edwards v. Commonwealth, 488 Mass. 555, 562 (2021). Because Doe as plaintiff has the burden of proof at trial, SORB is entitled to summary judgment if it demonstrates by reference to the rule 56 (c) materials, "unmet by countervailing materials," that Doe has no reasonable expectation of proving an essential element of her case. DuPont, supra at 397, quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Our review is de novo, without deference to the motion judge's reasoning. See Doe v. Massachusetts Parole Bd., 82 Mass. App. Ct. 851, 857 (2012).

Consideration of administrative record on summary judgment. Doe argues that in granting summary judgment to SORB, the second judge improperly conflated Doe's claim that the SORB regulations were invalid as applied to her with her claim for judicial review of her sex offender classification.[4] Doe contends that in ruling on her as-applied challenge to the constitutionality of the SORB regulations, the second judge improperly "refer[red] back to the SORB record" which was "largely stale," and instead the parties should have conducted further discovery beyond the administrative record so that a "separate adjudication" could be

---

[4] We pass over the question whether, in denying Doe's motion for judgment on the pleadings, the first judge had already rejected Doe's as-applied challenge to the SORB regulations.

6

made on the counts for declaratory and injunctive relief. We are not persuaded.

The administrative record was entered as SORB's answer on the docket of the Superior Court and thus was among the "pleadings," Mass. R. Civ. P. 56 (c), comprising the summary judgment materials. In closing argument at the administrative hearing, Doe's counsel argued that although the SORB regulations had been amended in 2016 to consider a female sex offender's gender in assessing her risk of reoffense, the amended regulations failed to "differentiate females from males" and were "still inconsistent with the research."

In those circumstances, Doe's challenge to the SORB regulations as applied to her was "closely intertwined" with the evidence in the administrative record supporting her classification as a level two sex offender. Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 19-20 (2021) (plaintiff raised as-applied challenge to statutory registration requirement before SORB and in Superior Court chapter 30A action). Contrast Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 630 (2011) (facial challenge to SORB's classification regulations must be asserted through claim for declaratory judgment). Simply put, the hearing examiner's decision classifying Doe, and

7

the administrative record materials to which it referred, were the central evidence of how SORB's regulations had been applied to Doe, and that was the target of Doe's declaratory judgment claim. It may well be questioned whether such a claim (as opposed to a chapter 30A or similar claim) is an appropriate way to challenge how a regulation has been applied to a particular person. See Frawley v. Police Comm'r of Cambridge, 473 Mass. 716, 724-726 (2016). Assuming arguendo that it is, in ruling on the summary judgment motion on Doe's claims for declaratory and injunctive relief, the second judge properly considered the administrative record.

Absence of genuine issue of material fact. Doe argues that the second judge erred in granting summary judgment, asserting that a genuine dispute of material fact exists whether SORB's regulations may constitutionally be applied to Doe because they do not adequately account for differences in recidivism between male and female sex offenders. From the summary judgment record before us, we conclude that Doe did not set forth facts that raised a genuine issue of material fact whether SORB's regulations are unconstitutional as they were applied to her.

In Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 606 (2013) (Doe No. 205614), the Supreme Judicial Court held that the then-current

8

SORB regulations, which had been promulgated in 2002, "developed as they were from studies of male offenders, could not predict accurately the recidivism risk of a female offender, and . . . such risk could not be evaluated without examining the effect of gender."  The court cautioned that "it is not necessarily the case that all risk factors contained in the guidelines are categorically inapplicable to females," but the research before the court "strongly indicates that the factors have a weaker predictive value for females."  Id. at 606-607.  In 2016 in response to that case, SORB promulgated the regulations that were applied here.

On summary judgment, Doe's expert, Dr. Peretti, averred that because of the "lack of empirical support" for assessment practices for female sex offenders, it is inappropriate to apply to them the assessment practices for male sex offenders.  Dr. Peretti opined that the SORB regulations "as applied to females convicted of sexual offenses, including Jane Doe, are not consistent with the empirical literature and do not reflect best practices for risk assessment for this population."

Absent from Dr. Peretti's affidavit was any discussion of how the SORB regulations were applied to Doe individually, i.e., as apart from other female sex offenders.  The affidavit did not discuss whether the hearing examiner's having accorded

9

mitigating weight to Doe's status as a female offender, 803 Code Mass. Regs. § 1.33, and having considered expert testimony and scholarly articles presented by Doe about recidivism in female sex offenders, G. L. c. 6, § 178K (1) (l); 803 Code Mass. Regs. § 1.33(37), sufficiently tailored the SORB regulations to Doe. See 803 Code Mass. Regs. § 1.33 (final classification is based on "a qualitative analysis of the individual sex offender's history and personal circumstances").  We conclude that Doe did not demonstrate a genuine issue of material fact by proffering her expert's opinion that regulations based on scientific studies of male sex offenders cannot be applied to females generally, without discussion of how the SORB regulations were applied to Doe in this case.

Dr. Peretti's opinion that, as applied to female sex offenders generally, the SORB regulations were inconsistent with research and best practices did not amount to "specific facts showing that there is a genuine issue for trial," Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974), on a challenge to the regulations as applied to Doe.  As for Doe's claim that she should have been permitted to develop a further record in discovery, it is unavailing.  Doe did not file an affidavit invoking Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974), and explaining how she anticipated challenging the regulations as

10

applied to her.  See First Nat'l Bank of Boston v. Slade, 379 Mass. 243, 244-245 (1979).  See also G. L. c. 30A, § 14 (6).

In DuPont, 448 Mass. at 402, the plaintiff, a male inmate, argued that Department of Correction (DOC) regulations imposing disciplinary confinement on the most predatory and dangerous inmates were unconstitutional as applied to him because those regulations had not been applied to any female inmates.  Based on the summary judgment record including an affidavit of the DOC commissioner that a similar disciplinary unit was not presently necessary at the women's prison and, should the need arise, one could be established there, id. at 397, the Supreme Judicial Court held that the plaintiff had "no reasonable expectation of establishing that he and female prisoners are similarly situated," id. at 402, and thus summary judgment for DOC was appropriate.

We conclude that Doe had no reasonable expectation of proving that the SORB regulations, as amended in 2016 to consider the relevance of gender in assessing the risk of

reoffense, and as applied to Doe by the hearing examiner in 2018, are unconstitutional as applied to her.

Judgment entered August 16, 2022, affirmed.

By the Court (Sacks, Englander & Grant, JJ.[5]),

*Paul Little*

Clerk

Entered:  November 8, 2024.

---

[5] The panelists are listed in order of seniority.