NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-127

MAVERIC DOCKERY & another[1]

vs.

CITY OF BROCKTON & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Maveric Dockery, appeals from summary

judgment entered against him by a judge of the Superior Court.

Because we conclude that, on the limited record before us and

considering only those claims that the plaintiff both preserved

---

[1] Michael Dockery.  Although Michael Dockery was named as a party in this action, presumably because his son, Maveric Dockery, was a minor at the time of the events that gave rise to the complaint, the complaint alleged that Maveric Dockery "[had] since reached the age of majority."  Michael Dockery has made no independent claims in this case.

[2] Kathleen A. Smith, as superintendent of Brockton public schools; Kevin A. DaPonte, as assistant headmaster of Brockton public schools; Brockton Police Department; and Patrol Officer Julie Myshrall.  At the times relevant here, Myshrall was assigned as a school resource officer at the Brockton public schools.

in the Superior Court and argues on appeal, the defendants have shown that the plaintiff has no reasonable likelihood of proving any of his claims, see Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), we affirm.

1. Discussion. We review a decision on a motion for summary judgment de novo. See HSBC Bank, USA, N.A. v. Morris, 490 Mass. 322, 326 (2022). In doing so, we must rely on the same summary judgment record that was before the motion judge. See Meyer v. Veolia Energy N. Am., 482 Mass. 208, 211 (2019). Here, although the plaintiff appears to have presented the judge with additional affidavits in support of his claims,[3] none of them are included in the record appendix. Without them, to the extent the plaintiff's complaint makes constitutional equal protection claims, racial discrimination claims, and claims under the Massachusetts Civil Rights Act against the city of Brockton (city); the Brockton Police Department; and school resource officer Julie Myshrall, those claims fail. See Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018) (appellant's failure "to ensure that the

_____

[3] The plaintiff represents in his brief that he presented "a mountain of documents from witnesses" to the motion judge. Additionally, the plaintiff's opposition to the defendants' motion for summary judgment refers to at least two affidavits of witnesses that speak to his equal protection claim, and the judge's memorandum of decision also refers to affidavits submitted by the plaintiff on this issue.

2

record is adequate for appellate review" generally "is fatal to his appeal" [quotations omitted]).

By contrast, the defendants' statement of undisputed facts, which the plaintiff includes in the appellate record and on which he appears to rely, grounds the plaintiff's due process claims against Kathleen A. Smith, Kevin A. DaPonte, and the city.[4]  Even when viewing the evidence in the light most favorable to the plaintiff, however, we discern no material issue of fact in dispute and conclude that the defendants are entitled to judgment on those claims as a matter of law.  See Huang v. Ma, 491 Mass. 235, 239 (2023) (standard of review); Kourouvacilis, 410 Mass. at 716.

"Procedural due process requires at least the 'opportunity to be heard at a meaningful time and in a meaningful manner.'" Thaddeus v. Secretary of the Executive Office of Health & Human Servs., 101 Mass. App. Ct. 413, 424-425 (2022), quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976).  "[D]ue process is flexible and calls for such procedural protections as the

---

[4] These claims stemmed from a 2014 disciplinary hearing that led to the plaintiff's three-day suspension from school for pushing and choking another student.  Although the plaintiff provided us with an audio recording of the disciplinary hearing DaPonte conducted, that recording was not included in the summary judgment materials filed in the Superior Court, and so is not properly before us on appeal.  See Meyer, 482 Mass. at 211.  We do not consider it.

3

particular situation demands."  Thaddeus, supra at 425, quoting

Doe, Sex Offender Registry Bd. No. 1 v. Sex Offender Registry

Bd., 79 Mass. App. Ct. 683, 692 (2011).  The United States

Supreme Court has ruled that, in the context of a school

disciplinary proceeding, a student's due process rights depend

on the nature and duration of the discipline being imposed.  See

Goss v. Lopez, 419 U.S. 565, 581, 584 (1975) (due process

requirements vary with duration of school suspension).  "[I]n

connection with a suspension of 10 days or less, [due process

requires only] that the student be given oral or written notice

of the charges against him and, if he denies them, an

explanation of the evidence the authorities have and an

opportunity to present his side of the story."[5]  Id. at 581.

In the present case, the undisputed evidence shows that the

plaintiff was afforded the due process owed to him.  In light of

the three-day suspension DaPonte imposed as a sanction for the

plaintiff's conduct, DaPonte was not required to provide the

defendant with the opportunity to review surveillance video

footage taken of the area in which the incident in question took

place, nor was DaPonte required to provide the statements he

obtained from witnesses.  See G. L. c. 71, § 37H3/4 (c); 603

_____

[5] The plaintiff has not cited to any authority to show that
the Massachusetts Declaration of Rights is more protective on
this point, and we are aware of none.

4

Code Mass. Regs. § 53.02 (2014) (defining "short-term suspension" and "long-term suspension").  Compare 603 Code Mass. Regs. § 53.08(2) (2014) (outlining rights due students at hearing for "short-term suspension"), with Code Mass. Regs. § 53.08(3) (2014) (outlining rights due students at hearing for "long-term suspension").

The plaintiff's remaining arguments relate to claims that were not raised in the complaint or were not preserved in the Superior Court.  "An issue not raised or argued below may not be argued for the first time on appeal (quotation omitted)."[6]  Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

Judgment affirmed.

By the Court (Ditkoff, Hand & Walsh, JJ.[7]),

Clerk

Entered:  May 2, 2025.

---

[6] The plaintiff does not make any argument on appeal about his retaliation claim stemming from the second disciplinary incident he experienced at school.  That argument is therefore also waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief"); Spinosa v. Tufts, 98 Mass. App. Ct. 1, 16 (2020).

[7] The panelists are listed in order of seniority.