SUPERIOR COURT 
 
 ELECTRIC INSURANCE COMPANY vs. CARIN MARINI, ALBERT MARINI, PATRICIA MARINI, and JANET LANDRY

 
 Docket:
 2377CV00901
 
 
 Dates:
 November 26, 2025
 
 
 Present:
 Jeffrey T. Karp
 
 
 County:
 ESSEX
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF’S MOTION FOR SUMMARY JUDGMENT (PAPER No. 23) AND JANET LANDRY’S CROSS-MOTION FOR SUMMARY JUDGMENT (PAPER No. 23.3)
 
 

             This action involves an insurance coverage dispute stemming from the alleged attack of Janet Landry by a dog owned by Carin Marini (“Carin”)[1] on June 23, 2022, at a single family home located at 49 Winthrop Drive in Marshfield, Massachusetts (“Marshfield Home”). Carin’s in-laws, Albert and Patricia Marini, obtained the homeowner’s insurance policy at issue from plaintiff Electric Insurance Company (“Electric”) in 2014, and it was renewed annually thereafter, including in 2022 (“Policy”).
            This matter came before the Court on October 23, 2025, for a hearing on Plaintiff’s Motion For Summary Judgment (Paper No. 23) and Janet Landry’s Cross- Motion For Summary Judgment (Paper No. 23.3).
            For the reasons explained below, Plaintiff’s Motion is ALLOWED and Landry Cross-Motion is DENIED.
 
--------------------------------------------
 
[1] The Court will refer to the Marinis by their first names to avoid confusion.
 
 
                                                            -1-
BACKGROUND
            The following undisputed material facts are taken from the summary judgment record.[2]
            In the Policy, Albert and Patricia are the Named Insureds and the Marshfield Home is the insured premises.
            In 2014, Albert and Patricia purchased the Marshfield Home on behalf of their son, Michael, and Carin, who were married at the time.[3] Albert and Patricia paid for the down payment, obtained the Policy, and are the named grantees on the deed and the named mortgagees on the mortgage. Albert and Patricia made the down payment and took out the mortgage in their names because Carin and John did not have the means or credit to do so at the time of the purchase.
            Albert and Patricia never lived at the Marshfield Home, although they visited from time to time and even stayed overnight on occasion. Carin, Michael, and their children lived continuously at the Marshfield Home. Since the purchase in 2014, Carin and Michael made all of the Policy payments, and all of the mortgage, utility, and maintenance payments associated with the Marshfield Home.
DISCUSSION
            The Court applies the well-known paradigm announced by the Supreme Judicial Court in Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), to decide the motion.[4]
 
--------------------------------------------
[2] Additional relevant facts are discussed, infra, in the Court’s Discussion section.
[3] Carin and Michael have since separated.
[4] When, like here, a court is presented with cross motions for summary judgment, the standard of review is identical for both motions. See Dzung Duy Nguyen v. Massachusetts Institute of Technology, 479 Mass. 436, 448 (2018) (“[w]here the parties have cross-moved for summary
 
                                                            -2-
 
            For purposes of deciding the Motion and Cross-Motion, the dispositive issue for the Court’s determination is whether Carin was an “Insured” under the Policy on June 23, 2022, the day that her dog bit Ms. Landry at the Marshfield Home. According to the Policy, “‘Insured’ means . . . [Albert and Patricia] and residents of [their] household who are [their] relatives.” Ex. 5. Neither the term “residents” nor the term “household” are defined in the Policy. Ms. Landry argues that the term “household” is ambiguous and, accordingly, it must be construed in her favor. The Court disagrees.
            “Ambiguity [in an insurance policy] is not created by ‘the fact that the parties disagree as to its meaning,’ . . . or ‘the mere existence of multiple dictionary definitions of a word, … for most words have multiple definitions.’” Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 539 (2022). Here, the Court rules that the terms “residents” and “household” are not ambiguous because they are commonly understood, non- legalese words that “‘[are not] susceptible of more than one meaning.’” Zurich Am. Ins. Co. v. Medical Props. Tr., Inc., 494 Mass. 382, 387 (2024); see also Hingham Mut. Fire Ins. Co. v. Gee, 2011 Mass. App. Unpub. LEXIS 811, *5 (2011) (holding term “residents of your household,” as used in exclusion of coverage provision in homeowner’s policy, “is not ambiguous.”). In such case, courts “‘construe the words in their usual and ordinary sense.’” Vermont Mut. Ins. Co. v. Poirier, 490 Mass. 161, 164 (2022) (citations and alteration omitted).
 
--------------------------------------------
 
judgment, we review a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the unsuccessful opposing party and drawing all permissible inferences and resolving any evidentiary conflicts in that party’s favor, the successful opposing party is entitled to judgment as a matter of law”).
 
                                                            -3-
 
            “Household” is commonly defined as “those who dwell under the same roof and compose a family” and “a social unit composed of those living together in the same dwelling.” https://www.merriam-webster.com/dictionary/household (last accessed Nov. 24, 2025); see also Black’s Law Dictionary (11th ed. 2019) (defining “household” as “[a] group of people who dwell under the same roof”). “Resident” is commonly defined as “one who resides in a place,” https://www.merriam-webster.com/dictionary/resident (last accessed Nov. 24, 2025), while “resides” means “to dwell permanently or continuously” and to “occupy a place as one’s legal domicile.” https://www.merriam-webster.com/dictionary/resides (last accessed Nov. 24, 2025).
            Here, when “‘construe[d] . . . in their usual and ordinary sense,’” Vermont Mut. Ins. Co., 490 Mass. at 164, “residents” of Albert and Patricia’s “household” means a group of people who continuously live together with them at the Marshfield Home. Nevertheless, our appellate courts have observed that because “modern society presents an almost infinite variety of possible domestic situations and living arrangements, the term ‘household member’ can have no precise or inflexible meaning.” Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 526 - 527 (1991). “Consequently, determining whether someone is a member of a ‘household’ must ‘proceed on a case- by-case basis with an evaluation and balancing of all relevant factors.’” Metropolitan
Prop. & Cas. Ins. Co. v. Morel, 60 Mass. App. Ct. 379, 382 (2004).
            In Morel, the Appeals Court was asked to decide whether the trial court erred in ruling on summary judgment that the named insured’s adult son was an “insured” under a personal excess liability insurance policy. Id. at 379. The policy in Morel stated that “insured’ means . . . a relative residing in [the name insured’s] household,” but, like here, did not define the term “household.” Id. at 380.
 
                                                            -4-
 
            In determining the meaning of “household” in the excess liability policy, the Appeals Court adopted “the pragmatic, balancing approach” used by the SJC in Vaiarella, 409 Mass. at 526 - 527, when the SJC was asked to construe the meaning of “household member” in an automobile policy. Id. at 383.
In Vaiarella:
[T]he [SJC] set out factors that apply in determining whether a person is a “household member” in a particular case. These included: (1) whether the individual has an established connection to the named insured’s household; (2) whether the individual uses the same address as the named insured’s household for perfunctory matters, such as receiving mail, registering a car, or on a driver’s license; (3) in the case of an accident, whether the individual went to the named insured's household or to a different address after the accident; (4) whether the individual has a financially dependent relationship with the named insured; and (5) the subjective intent of the individual to become a member of the insured’s household.
Hingham Mut. Fire Ins. Co. v. Gee, 2011 Mass. App. Unpub. LEXIS 811, *3 - 4 (2011) (citing Vaiarella, 409 Mass. at 527 – 529); see also Morel, 60 Mass. App. Ct. at 383 (observing that, “[a]mong the nonexclusive factors mentioned in Vaiarella are whether the putative member of the household has an established connection to it; whether he receives mail at that address; whether he keeps possessions there; and whether his relationship to other household members involves financial support.”).
            Here, when viewed in the light most favorable to Ms. Landry, the record evidence demonstrates that as of June 23, 2022 (or any other relevant time), Carin was not a “resident” of Albert and Patricia’s “household.” Rather, the record evidence shows that: (a) Carin and Michael (not Albert and Patricia) paid the mortgage and carrying costs on the Marshfield Home at all times after it was purchased in 2014; (b) at all relevant times, Carin and Michael were financially independent and not financially dependent on Albert and Patricia; (c) Albert and Patricia neither received mail at the Marshfield Home nor
 
                                                            -6-
 
registered a vehicle at that address; and, (d) Albert and Patricia never lived at the Marshfield Home. Moreover, there is no record evidence that Albert and Patricia stored possessions at the Marshfield Home, or that they had any meaningful connection to, or ever planned to reside at, the Marshfield Home.
            Ms. Landry’s citation to Bunker Hill Ins. Cas. Co. v. Souza, 2021 WL 9351111, at *1 (Mass. Super. Ct. Mar. 8, 2021), is misplaced. In Bunker Hill, the court (Cannone, J.) found that a genuine issue of material fact existed and denied the insurer’s motion for summary judgment. Id. There, the insured party’s adult son had registered three cars at her address, and the address was used in the son’s “official Massachusetts documents,” such as a criminal complaint and an RMV notice.
            Furthermore, Ms. Landry’s citation to Metcalfe v. Arbella Mut. Ins. Co., 2024 WL 5455039, at *2 (Mass. Super. Ct. Dec. 23, 2024), is unavailing. In Metcalfe, applying the Vaiarella factors after a jury waived trial, the court (Goldenberg, J.) found that, unlike here, the putative household member’s “financial dependency on [the named insured] was considerable” and “deserve[d] considerable weight because of the expectation of insurance coverage for financially dependent family members.” Id. at *4. However, as the SJC has observed, while “[i]t is normally to be expected that, when one member of a family provides financially for other members of the family, that person will also provide insurance coverage for those other members of the family[,] . . . [t]his expectation is weakened in the case of relatives who are financially autonomous . . . , and is further weakened when it involves relatives for whom there is no legal responsibility to provide.” Vaiarella, 409 Mass. at 529 (citations omitted).
 
                                                            -6-
 
            In sum, Ms. Landry has failed to meet her “burden of demonstrating a triable issue that [Carin] was a resident of [Albert and Patricia’s] household” on June 23, 2022. Saez v. Liberty Mut. Fire Ins. Co., 95 Mass. App. Ct. 1112, 2019 Mass. App. Unpub. LEXIS 351, *2 (2019).[5]
ORDER
            For the above reasons, the Court H EREBY ORDERS that:
            1. The Plaintiff’s Motion For Summary Judgment (Paper No. 23) is ALLOWED and Janet Landry’s Cross-Motion For Summary Judgment (Paper No. 23.3) is DENIED.
            2. Summary Judgment on Count I of the Complaint (Paper No. 1) on behalf of plaintiff Electric Insurance Company against defendants Albert Marini, Patricia Marini, Carin Marini and Janet Landry S HALL ENTER declaring that:
Under Insurance Policy No. H6462124H2 issued to Albert Marini and Patricia Marini by Electric Insurance Company (“Electric”) covering the period of February 18, 2022, through February 18, 2023, Electric owes no duty to defend, indemnify, or pay defense costs to, Carin Marini regarding any legal claims for any injuries sustained by anyone on June 23, 2022, at 49 Winthrop Drive, Marshfield, Massachusetts, including Janet Landry, arising out of or relating in any manner to a dog-bite incident.
            3. For the sake of clarity, the Judgment And Order (Paper No. 20) previously approved by the Court is HEREBY VACATED.
            4. Janet Landry’s Counterclaims (Paper No. 15) and Janet Landry’s Crossclaims (Paper No. 16) are HEREBY DISMISSED.
/s/Jeffrey T. Karp
Associate Justice, Superior Court 
Dated: 
November 26, 2025
 
--------------------------------------------
 
[5] Ms. Landry argues that ruling that Carin was not a resident of Albert and Patricia’s household is inconsistent with the reasonable expectations of Albert, Patricia, Carin and Michael in applying for, and paying the annual premiums of, the Policy. She is correct that, when terms in an insurance policy are “at all unclear or in doubt, [courts] inquire into ‘what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.’” Verveine Corp., 489 Mass. at 536. However, Ms. Landry has not cited, and the Court has not found, a reported decision since Vaiarella where a Massachusetts appellate court has ruled that the reasonable expectations of the parties is a factor that should be considered in determining the meaning of a household member.